## STATE v. REEDER.

1. REASONABLE DOUBT—SELF-DEFENSE.—Plea of self-defense must be proved by the preponderance of the evidence, but on the whole case guilt of defendant must be proved beyond a reasonable doubt.

2. MANSLAUGHTER.—Instruction that manslaughter is the killing of a human being in sudden heat and passion upon a legal provocation, and that defendant must be without fault; held, not error when construed in connection with other parts of the charge.

3. PLEADINGS—INDICTMENT.—To allege in an indictment that a person died then and there upon receiving a wound, is a sufficient allegation of his death one day after.

4. SENTENCE—JUDGMENT.—Where a jury renders a verdict on an indictment for murder, containing two counts, first charging murder, "guilty with recommendation to mercy," second charging carrying concealed weapons, "guilty of carrying a concealed weapon," Judge properly pronounced sentence on verdict on first count alone.

Before JAMES Y. CULBREATH, special Judge, Newberry, August term, 1904. Affirmed.

Indictment against John Reeder for murder. From sentence, defendant appeals.

*Messrs. Johnstone & Cromer,* for appellant, cite: *Proof required to establish plea of self-defense:* 33 S. C., 132. *To obtain verdict of manslaughter, defendant not required to show he was without fault:* 9 Ency., 581, 583, 586; 7 S. W. R., 862; 90 Mo., 608; 17 Nev., 435; 17 Ga., 497; 33 S. C., 133. *Indictment should have charged death on next day and not on day of shooting:* Con., 1895, art. I., sec. 18; Con., 1868, art. I., sec. 13; 28 Ency., 281; 10 Ency. P. & P., 873.

*Solicitor T. S. Sease* and *Mr. C. L. Blease,* contra.

July 18, 1905. The opinion of the Court was delivered by MR. CHIEF JUSTICE POPE. This prosecution was tried at the August term of the Court of General Sessions of Newberry, in the year 1904. The defendant was found guilty of murder, with recommendation to mercy. After refusing the motion for a new trial, and also the motion in arrest of judgment, the defendant was sentenced to imprisonment for life in the penitentiary. The defendant appealed to this Court on the following grounds:

"I. The presiding Judge erred in charging, 'Now, gentlemen of the jury, I have been requested by the State to charge you that it is the duty wherever a party puts up a plea of self-defense, it is the duty of the defendant to make out his case by the preponderance of the testimony. Well, I charge you that, but at the same time I charge you that the State should prove its case beyond a reasonable doubt;' whereas, he should have made it clear that the State must make out its case beyond a reasonable doubt, taking a view of the whole of the testimony, including that offered in support of the plea of self-defense.

"II. The presiding Judge erred in charging, when the jury asked for specific instructions as to what constitutes manslaughter: 'Manslaughter is the killing of one person by another in sudden heat and passion upon a legal provocation. Now, gentleman of the jury, you must first determine in this case whether it is divested of malice, and then whether this party and the other party in sudden heat and passion got into a row, and one had a gun and the other had a gun, and that this party was not in fault. That is the defense. In other words, upon a sufficient legal provocation. If A assaults B, giving him a severe blow, a great provocation, and B strikes him with a weapon and death ensues, it is manslaughter. In other words, Mr. Foreman, if a man were to strike you, not with a deadly weapon, it is a sufficient provocation, and hot blood commences right then between you, and you are not in fault in bringing on the difficulty, why that is manslaughter;' whereas, he should not have qualified and limited the legal definition of manslaughter by instructing the jury that the accused must have been without fault in bringing on the difficulty.

"III. The presiding Judge erred in overruling the motion in arrest of judgment on the following grounds: a. Because the proof did not support the allegation that Howard Stevens was shot on the 18th of June and 'then and there instantly died,' the uncontradicted evidence being that he lingered until the 19th of June and then died. b. Because the jury rendered two distinct and separate verdicts, each signed by the foreman; whereas, the law provides for but one, and but one can support a judgment. c. Because the jury found the defendant guilty of carrying a concealed weapon, though the indictment did not allege this offense.

"IV. The presiding Judge erred in ignoring one verdict and pronouncing judgment against the defendant on the other; whereas, he should have held that judgment could not be pronounced, because there were two verdicts, and, taken as a whole, they were not responsive to the allegations of the indictment and could not support a judgment."

15—72

We will now examine these grounds of appeal in their order.

I. An examination of the charge of the acting Judge shows that he correctly charged the jury the law of this State governing self-defense. We think he made it plain that it was encumbent upon the State that, when the defendant puts in a special plea, that he is only required to prove the same by a preponderance of the testimony, and at the same time that the State is required to remove from the minds of the jury every reasonable doubt. We do not see how the defendant could have been prejudiced in this regard by the charge of his Honor relating to self-defense. This exception is overruled.

II. The Judge, in his general charge, had correctly laid down the definition of manslaughter to be "The killing of a human being by another in sudden heat and passion without malice upon sufficient legal provocation," but the jury came from their room and the foreman of the jury said, "Some of the jurors want to know what constitutes manslaughter?" The Court said: "Gentlemen of the jury, murder, as I charged you, is the killing of a human being with malice aforethought, either expressed or implied. Manslaughter is distinguished from murder in the absence of malice. Legal malice is where a party has ill will toward another; bad feeling, bad blood, something of that kind. Manslaughter is the killing of one person by another in sudden heat and passion upon a legal provocation. Now, gentlemen of the jury, you must first determine in this case whether it is divested of malice, and then whether this party and the other party in sudden heat and passion got into a row, and one had a gun and the other had a gun, and that this party was not at fault. That is the defense. In other words, upon sufficient legal provocation. If A assaults B, giving him a severe blow, a great provocation, and B strikes him with a weapon and death ensues, it is manslaughter. In other words, Mr. Foreman, if a man were to strike you, not with a deadly weapon, it is a

sufficient provocation, and hot blood commences right then between you, and you are not at fault in bringing on the difficulty, why that is manslaughter. I think I have made myself sufficiently plain. Manslaughter, as defined by our statute law, is this: Manslaughter, or the unlawful killing of another without malice expressed or implied, shall be punished at hard labor in the penitentiary not exceeding thirty years nor less than two years. If two persons friendly towards each other become enraged, draw pistols and one shoots the other, gentlemen, that is manslaughter, if you come to the conclusion that there was no malice beforehand; but if a man comes forward in order to bring about a difficulty, and causes the row to arise, why he is in fault, and he is guilty of murder. But the main ingredient in manslaughter is, it must be without malice. A kills B; when he does this killing he has no malice in his heart—of course, you are to consider the testimony, and from the testimony find whether he does have malice. I told you this morning that expressed malice is where a man lays in wait or says he is going to kill his fellow-man upon sight, and he carries that threat into execution, that is expressed malice. Implied malice is where a man, without any cause whatever, regardless of law and society, suddenly shoots down another man, the law implies malice—he has a depraved heart." It is true, as will be seen by the quotation just made, that the acting Judge did not err in his definition of manslaughter. It is true, that he did say that the party must not be in fault, but he went on and said, "in other words, upon sufficient legal provocation." All in all, we think there was no error here. This ground of appeal is, therefore, overruled.

III. (a) The indictment in its first count did say "that Howard Stevens then and there instantly died," while the evidence shows that Stevens died the next day after he was wounded. We do not think that this was a fatal error. It would have been better to have stated in the indictment the exact date of his death, to wit: the

19th day of June, 1904. He died within the year, and the day after he was wounded. The time is sufficiently definite as stated in this indictment. This subdivision is, therefore, overruled.

(b) (c) The jury did find in their verdict, as follows: 1st count, "We find the defendant, John Reeder, guilty of murder, with recommendation to mercy of Court. H. H. Kinard, Foreman;" and also, second count, "Guilty of carrying concealed weapons. H. H. Kinard, Foreman."

The judgment of the Court was confined to the first count. We do not see that this error is fatal, because the first count in the indictment charged murder, while the second of the same indictment relates to the carrying of a deadly weapon, and, therefore, the judgment of the Court was confined to punishment for murder. This exception is overruled.

IV. We think there was no error, as here charged, because the sentence pronounced by the Court referred to murder alone. This exception is, therefore, overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.