### 19001

Wayne D. SPEARS, d/b/a Arthur Murray School of Dancing, Respondent, v. W. A. COLLINS, Appellant.

(171 S. E. (2d) 606)

*E. Windell McCrackin, Esq.,* of Myrtle Beach, *for Appellant,*

*Messrs. Stevens & Holt,* of Loris, *for Respondent,*

January 6, 1970.

LITTLEJOHN, Justice.

The plaintiff contracted to furnish the defendant three hundred twenty hours of dancing lessons at a cost of $3,-000.00. A part of this amount was paid, and this action was brought to recover the balance due. The jury wrote a verdict in favor of the plaintiff. A motion for a new trial was overruled and the defendant has appealed.

During the course of the trial defendant's attorney attempted to attack the credibility of the plaintiff as a witness by cross examining him concerning a plea of guilty to a charge of child neglect in the criminal court, and by cross examining him concerning his not having obtained a business license from the city to operate a dancing studio. The trial court refused to allow the plaintiff to be cross examined on either of these two matters.

There are two questions for our determination set out in defendant's brief as follows:

"1. Did Judge Baker err in refusing to allow defendant to cross examine plaintiff concerning his plea of guilty of the

512

crime of child neglect in the General Sessions Court for Horry County?

"2. Did Judge Baker err in refusing to allow defendant to cross examine plaintiff concerning his not being licensed by the City of Myrtle Beach to operate a dance studio?"

■ The question concerning a plea of guilty to the offense of child neglect was addressed to the discretion of the trial judge. We find no abuse. It was held in *State v. Swilling,* 249 S. C. 541, 155 S. E. (2d) 607, 614 (1967), that

"[t]he general rule followed in this State is that the trial court has broad discretion in determining the general range and extent of cross examination, subject to the limitation that the inquiry must relate to matters pertinent to the issue, or to such as tend to affect the credibility and veracity of the witness; and the exercise of such discretion will not be disturbed except in cases of manifest abuse or injustice." Accord, *State v. Maxey,* 218 S. C. 106, 62 S. E. (2d) 100 (1950).

■ As relates to the question concerning plaintiff's not being licensed by the city, it cannot be said that exclusion of the evidence was erroneous. Such was, if not excluded as a matter of law, properly excluded as a matter of discretion in keeping with our ruling in *State v. Swilling, supra.*

We find no manifest abuse or injustice in the trial court's exercise of its discretion, and the judgment is

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.