## 20621

Priscilla M. SHAW and B. S. Shaw, Jr., d/b/a Alderman-Shaw Company, Respondents, v. G. H. HARDY, Appellant.

(241 S. E. (2d) 906)

*Ralph F. Cothran,* of Manning, *for Appellant,*

*James M. Morris,* of Manning, *for Respondents,*

February 23, 1978.

RHODES, Justice:

This action was instituted by Priscilla M. Shaw and B. S. Shaw, Jr., d/b/a Alderman-Shaw Company (hereinafter collectively referred to as Shaw) against G. H. Hardy to establish the boundary line between two contiguous tracts of land. Each party moved for summary judgment. Shaw contended that the two deeds by which the parties received their respective grants are susceptible of only one construction as to the location of the boundary in question. Hardy contended that the action should be dismissed in that he is an improper party defendant. The lower court granted summary judgment in favor of Shaw, and Hardy appeals asserting, among other contentions, error in refusing to dismiss the action against him in that he had conveyed title to the property in question to a third party prior to the institution of this suit and was, thus, improperly made the party defendant. We reverse and dismiss.

The two tracts of land referred to above were purchased, respectively, by Shaw and Hardy from a common grantor. The tract purchased by Shaw is, according to its deed, bounded "on the south by Martin's Lake". The deed conveying the tract subsequently purchased by Hardy specified that his tract is bounded on the north by the lands of Shaw. After his purchase, Hardy had a plat of his property made and recorded. This plat showed the location of Hardy's northern boundary as the northern shoreline of Martin's Lake.

Several months after he had the plat made, Hardy conveyed the northern portion of his tract to the Martin's Lake Club (a corporation). This deed purported to convey all of Martin's Lake and embraces the area which is the subject of this dispute.

Approximately ten months after the latter conveyance, Shaw instituted this action with Hardy named as the sole

defendant. The prayer of Shaw's complaint was that the center of Martin's Lake be declared the boundary line between the two tracts in question.

Given the above and uncontroverted facts of this case, an adversary relationship between Shaw and Hardy does not exist.

S. C. Code § 15-5-30 (1976) provides:

Any person may be made a defendant *who has or claims an interest* in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the questions involved therein. In an action to recover possession of real estate the landlord and tenant thereof may be joined as defendants, and any person *claiming title or a right of possession* to real estate may be made party plaintiff or defendant, as the case may require, to any such actions. (Emphasis added.)

Further, Code § 15-67-10 (1976) states:

Any person in possession of real property, by himself or his tenant, or any person having or claiming title to vacant or unoccupied real property may bring an action against any person *who claims or who may or could claim an estate or interest therein* or a lien thereon adverse to him for the purpose of determining such adverse claim and the rights of the parties, respectively. (Emphasis added.)

Shaw, in essence, claims title to the property lying between the center and northern shoreline of Martin's Lake. However, Hardy does not claim, nor is there any indication that he could claim, any interest in the property. Indeed, Hardy expressly gave up any interest he may have had in the property in question by conveying that interest to the Martin's Lake Club prior to the institution of this suit.

It is true that Hardy may have an "interest" in the placement of the boundary line in the sense that he may be concerned with its ultimate placement and his potential liability, if any, to his grantee but this does not give him any adverse

claim to the property claimed by Shaw so as to bring him within the purview of the statutes above quoted. Having parted with any interest in, or claim to, this property and there being no showing of his having reacquired any interest in it, Hardy was neither a necessary nor proper party defendant and his motion for summary judgment should have been granted.

In view of our disposition, we do not reach or intimate any view as to the merits of the case.

Reversed and dismissed without prejudice.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.