20784

The STATE, Respondent, v. John Henry JOHNSON, Appellant.

(248 S. E. (2d) 313)

*Nancy C. Ranson* and *John D. Delgado,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Brian P. Gibbes* and *Robert N. Wells, Jr.* and *Sol. James C. Anders,* Columbia, *for respondent.*

October 18, 1978.

LEWIS, Chief Justice:

Appellant was convicted on September 14, 1977 of having committed the crime of forgery on March 11, 1977. He appeals from his conviction and subsequent sentence of seven (7) years on the sole ground that the lower court erred in the admission of testimony that he had been previously convicted of forgery in 1964.

Appellant testified in his own behalf and the testimony concerning two 1964 forgery convictions were admitted solely for impeachment purposes. He contends that the 1964 convictions were too remote in time to be of any probative value in determining his credibility.

It is well settled in this jurisdiction that a "prior conviction of a crime of moral turpitude may be used for the purpose of impeaching a defendant-witness's credibility if the conviction is not too remote in time." *State v. Lee,* 269 S. C. 421, 237 S. E. (2d) 768; *Gantt v. Columbia Coca-Cola Bottling Company,* 204 S. C. 374, 29 S. E. (2d) 488.

There is no rule in this State specifying any numerical time limitation beyond which a prior conviction is inadmissible for impeachment purposes. The rule applied is that the determination of the point at which a prior conviction becomes inadmissible for such purpose, because "to remote in time," is within the discretion of the trial judge; and the exercise of such discretion will not be disturbed except in cases of manifest abuse or injustice. *Spears v. Collins,* 253 S. C. 510, 171 S. E. (2d) 606.

In *State v. Hill,* 268 S. C. 390, 234 S. E. (2d) 219, we stated that a ten (10) year old conviction was "too remote to possess the requisite probative value for admission." There was nothing in that case to indicate that additional crimes evidencing moral turpitude had been committed by the defendant in the intervening years. However, subsequently, in *State v. Jones,* S. C., 247 S. E. (2d) 43, filed August 9, 1978, a prior conviction, more than ten years old, was held admissible where the defendant had been released from confinement for the prior offense only four years before the last crime.

In this case, appellant had prior convictions for forgery in 1960 and in 1964, and pled guilty to housebreaking in 1975. The trial judge permitted testimony relative to the 1964 conviction for forgery and the 1975 conviction for housebreaking, but excluded reference to the 1960 conviction for forgery because of remoteness. No question is raised as to the exclusion of the 1960 conviction or the admission of the 1975 housebreaking charge.

We find no abuse of discretion in the admission of the 1964 conviction for forgery. Appellant served eighteen (18) months for the 1964 crime. Less than ten (10) years after his release he pled guilty to housebreaking and within approximately two years later again committed forgery. The fact that appellant committed crimes of moral turpitude on three occasions within less than twelve (12) years sustains the discretionary ruling of the trial judge that such prior crimes had probative value on the issue of appellant's credibility.

Judgment affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.