23457

Gladys M. GREEN, Appellant v. Trubie Elbie HEWETT, Respondent.

(407 S.E. (2d) 651)

Supreme Court

---

*W. Sherwyn Jacobs*, Georgetown, *for appellant.*

*J. Dwight Hudson*, Myrtle Beach, *for respondent.*

Heard June 13, 1991; Decided Aug. 12, 1991.

Rehearing Denied Sept. 4, 1991.

HARWELL, Justice:

This case involves the issue of whether the trial judge erred in holding that respondent Trubie Elbie Hewett's 1983 conviction[1] for conspiring to import 27,000 to 32,000 pounds of mari-

---

[1] Respondent was convicted pursuant to 21 U.S.C. § 963 (1981).

juana into the United States did not constitute a crime of moral turpitude and whether the trial judge subsequently erred in not allowing this conviction into evidence to impeach respondent's credibility. We reverse and remand for a new trial.

## I. FACTS

In 1988, appellant Gladys M. Green was involved in an automobile accident with respondent. In 1989, appellant brought an action against respondent for damages as a result of personal injuries sustained by her in the accident.

At trial, both appellant and respondent testified. In addition, the two witnesses to the accident testified: respondent's nephew, who was also respondent's former employee, and another eyewitness. The testimony that was most prejudicial to appellant's testimony was that of respondent and his nephew. Anticipating that appellant would attempt to impeach respondent's credibility by introduction of respondent's 1983 conviction for the drug conspiracy to import 27,000 to 32,000 pounds of marijuana into the United States, respondent's counsel filed a motion *in limine* to prohibit questioning about respondent's criminal record. The trial judge granted respondent's motion *in limine*, holding that the crime was not one of moral turpitude. The jury returned a verdict for respondent. Appellant, after having been denied her motion for a new trial, filed this appeal.

## II. DISCUSSION

Appellant argues that the trial judge erred in holding that respondent's 1983 conviction did not involve a crime of moral turpitude and that the trial judge subsequently erred in failing to allow her to introduce this evidence to impeach respondent's credibility. We agree. We first address whether respondent's conviction constitutes a crime of moral turpitude.

Crimes of moral turpitude involve acts of baseness, vileness, or depravity in private and social duties which man owes to his fellow man or to society in general, contrary to the customary and accepted rule of right and duty between man and man. *State v. Ball*, 292 S.C. 71, 354

S.E. (2d) 906 (1987).[2] In determining whether a crime is one of moral turpitude, the Court's focus is primarily on the duty to society and one's fellow man which is breached by the commission of the crime. *Id.* Here, respondent pled guilty to conspiring to import 27,000 to 32,000 pounds of marijuana into the United States pursuant to 21 U.S.C. § 963 (1981) which states that:

> Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 952 (1981) (a) provides that it shall be unlawful to import into the United States from any place outside thereof, any controlled substance contained in Schedule I. 21 U.S.C. § 812(c) Schedule I(c)(10) (1981) lists marijuana as a controlled substance.

Had respondent been convicted of this offense in South Carolina, he would have been guilty of a felony known as "trafficking in marijuana" pursuant to S.C. Code Ann. § 44-53-370 (e)(1) (1985). The question is whether the commission of such a crime is egregious enough such that it may be viewed as a breach of respondent's duty to his fellow man and society as a whole. We find that it is.

In *State v. Kiser*, 288 S.C. 441, 343 S.E. (2d) 292 (1986), *cert. denied*, 479 U.S. 823, 107 S. Ct. 94, 93 L. Ed. (2d) 46 (1986), a case in which the defendant was convicted of possession of greater than one hundred pounds of marijuana ("trafficking in marijuana"), we noted that large scale marijuana trafficking constitutes a grave public health threat. We are well aware of society's declared "war on drugs," and that the conspiracy to import or trafficking in such massive quantities of marijuana, as here, undoubtedly contributes to the destruction of ordered society. We therefore hold that

---

[2] *State v. Ball*, 292 S.C. 71, 354 S.E. (2d) 906 (1987), which held that possession of cocaine was not a crime involving moral turpitude, was overruled by *State v. Major*, 301 S.C. 181, 391 S.E. (2d) 235 (1990). However, the test articulated in *Ball* for determining whether a crime qualifies as one of "moral turpitude," was retained by this Court in *Major*.

trafficking in marijuana, including the conspiracy to import marijuana, is a crime of moral turpitude. *Cf., State v. Drakeford,* 290 S.C. 338, 350 S.E. (2d) 391 (1986) (manufacture of marijuana is a crime of moral turpitude); *State v. Lilly,* 278 S.C. 499, 299 S.E. (2d) 329 (1983) (possession of marijuana with intent to distribute is a crime of moral turpitude).

Convictions for crimes of moral turpitude are admissible to impeach the credibility of a witness when the trial judge, in his discretion, determines the conviction is not too remove in time and that the probative value of the conviction outweighs its prejudicial impact. *See, State v. Major, supra* (when an accused takes the stand, he places his credibility in issue and may be impeached by prior bad acts or by prior convictions for crimes of moral turpitude); *Merritt v. Grant,* 285 S.C. 150, 328 S.E. (2d) 346 (Ct. App. 1985), *cert. denied,* 286 S.C. 125, 333 S.E. (2d) 569 (1985) (it is within the discretion of the trial judge to determine whether the prejudicial impact of admitting proof of a party witness' prior conviction outweighs the probative value of such evidence on the issue of credibility so as to warrant its exclusion); *State v. Johnson,* 271 S.C. 485, 248 S.E. (2d) 313 (1978) (a prior conviction of a crime of moral turpitude may be used for the purpose of impeaching a party witness' credibility if the conviction is not too remote in time).

In this case, the trial judge committed a reversible error of law when he held that respondent's 1983 conviction was not a crime involving moral turpitude. Here, respondent's credibility as a witness was pivotal in this case. Thus, the probative value of the conviction on the issue of credibility far outweighed any prejudicial impact on respondent. We further find that the conviction was not too remote in time. *State v. Johnson, supra* (there is no rule in this State specifying any numerical time limitations beyond which a prior conviction is inadmissible for impeachment purposes). Therefore, we reverse and remand this case for a new trial.

Reversed and remanded.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.