484 S.E.2d 110

**The STATE, Respondent,**

v.

**Leon SCOTT, Appellant.**

**No. 2644.**

Court of Appeals of South Carolina.

Submitted Feb. 4, 1997.

Decided March 17, 1997.

Assistant Appellate Defender Robert M. Dudek, of South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General G. Robert DeLoach, III; Solicitor Warren B. Giese, Columbia, for respondent.

HEARN, Judge:

Leon Scott appeals his conviction for armed robbery, asserting the trial judge abused his discretion in allowing the State to use a 1977 robbery conviction to impeach a defense witness. We affirm.[1]

## FACTS

On February 23, 1995, at about 3:00 a.m., a BP station located on Broad River Road, in Columbia, was robbed. The cashier testified that a tall, thin black man came into the store alone and demanded money. The cashier said he was threatened with a small pocketknife.

A co-worker who heard the robber's threat went to the store's office and pushed the alarm. She remained in the office and watched the robbery on television as it was being filmed by the security camera. A total of $73.70 was taken from the cashier.

The car in which Scott was riding was pulled for running a red light as it exited the BP station. An officer who responded to the alarm at the BP station witnessed the traffic stop by another officer and went to the scene to see if the car carried anyone matching the robber's description. During the course of the officers' discussion with Scott, who matched the description, they looked in his mouth to discover the reason for his apparent speech problem. The money taken from the BP

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

station was found in Scott's mouth. A search of the vehicle following Scott's arrest revealed a pocketknife.

Shortly following the robbery, the cashier identified Scott as the robber. Both the cashier and the co-worker who watched the robbery on the closed-circuit television in the office identified Scott at trial. The State also introduced the videotape taken by the security camera.

Scott did not testify. Two women in the vehicle with Scott, Patricia Brooks and Gwendolyn Murray, Scott's sister and niece, testified they stopped at the BP station so that Scott could purchase cigarettes. They stated the pocketknife was used to fix the car's malfunctioning tape deck and that the knife never left the car when Scott went into the BP station.

Prior to Brooks' testimony, the trial judge ruled that her 1977 conviction for robbery was not too remote for impeachment purposes. Brooks received a nine-year sentence and was paroled in 1980. Since her parole did not expire until 1986, the trial judge ruled that the conviction was not too remote for purposes of impeachment.

Brooks admitted the robbery conviction during direct examination. On cross-examination, she also admitted to two prior shoplifting convictions.

The jury returned a verdict of guilty on the charge of armed robbery. Scott was sentenced to thirty years imprisonment.

## DISCUSSION

The sole issue presented on appeal is whether the trial judge erred in allowing the State to impeach defense witness Brooks with her 1977 robbery conviction. We hold the trial judge did not abuse his discretion.

The South Carolina Rules of Evidence were not in effect at the time of trial. Therefore, the law relating to impeachment with a prior conviction was governed by the common law, rather than Rule 609, SCRE.[2]

---

2. Rule 609, SCRE, which went into effect September 3, 1995, provides in part:

(a) General rule. For the purpose of attacking the credibility of a witness,

At common law, an accused or a witness could be impeached by showing that he or she was convicted of a crime of moral turpitude. *State v. Major,* 301 S.C. 181, 184, 391 S.E.2d 235, 237 (1990); *Green v. Hewett,* 305 S.C. 238, 242, 407 S.E.2d 651, 653 (1991). Whether a prior crime of moral turpitude was too remote in time or its probative value was outweighed by its prejudicial effect were matters addressed to the trial judge's sound discretion. *Green,* 305 S.C. at 242, 407 S.E.2d at 653; *State v. Johnson,* 271 S.C. 485, 486, 248 S.E.2d 313, 314 (1978).

■ Here, the trial judge reasoned that because Brooks received a nine-year sentence which extended until 1986, the 1977 robbery conviction was not too remote in time to be used for impeachment. We agree.

■ Brooks' parole in 1980 did not alter the fact that her sentence remained in effect until 1986. The United States Supreme Court has held that a person on parole is still "in custody." *Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963). Moreover, the fact that

---

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted ... shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

For the purposes of this rule, a conviction includes a conviction resulting from a trial or any type of plea, including a plea of *nolo contendere* or a plea pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

(b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Brooks had committed other crimes of moral turpitude since her parole supported the trial judge's decision that the probative value of the 1977 conviction outweighed its prejudicial impact.[3] Her admission to subsequent crimes also rendered this evidence cumulative.

Although we do not believe the trial judge erred in allowing the State to impeach Brooks with her 1977 conviction, we note that any error would have been harmless given the overwhelming evidence of Scott's guilt. Scott was apprehended leaving the crime scene. The police found the stolen money in his mouth and located the weapon used during the crime in the car in which he was riding. Scott was identified by both the cashier at the BP station and the co-worker who watched the crime on closed-circuit television as it was taking place. Accordingly, had we found error in the trial judge's admission of the 1977 conviction to impeach Brooks, we would have deemed the error harmless. *State v. Gunn,* 313 S.C. 124, 137–38, 437 S.E.2d 75, 82 (1993), *cert. denied sub nom. Childers v. South Carolina,* 510 U.S. 1115, 114 S.Ct. 1063, 127 L.Ed.2d 383 (1994); *State v. Tillman,* 304 S.C. 512, 520, 405 S.E.2d 607, 612 (Ct.App.), *cert. denied,* (Sept. 5, 1991).

**AFFIRMED.**

STILWELL and HOWARD, JJ., concur.

---

**3.** We also note that, although the South Carolina Rules of Evidence abandon the moral turpitude standard and impose a ten-year period from *the time of conviction,* Brooks' 1977 conviction could well have been admissible under Rule 609, SCRE. Brooks' robbery conviction was a crime punishable by imprisonment in excess of one year. Moreover, under subsection (b), a conviction older than ten years may be admissible if the trial court determines, in the interests of justice, that the conviction's probative value substantially outweighs its prejudicial effect.