19510

The STATE, Respondent, v. Rufus MULDROW, Appellant

(192 S. E. (2d) 211)

*Messrs. Ernest E. Hinnant,* and *Hugh L. Willcox, Jr.,* of Florence, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Emmet H. Clair, Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, and

*T. Kenneth Summerford, Sol.,* of Florence, *for Respondent,*

October 26, 1972.

BRAILSFORD, Justice:

The defendant, Rufus Muldrow, was brought to trial in Florence County in October, 1971, on an indictment charging him in separate counts with murder and armed robbery. He was convicted and sentenced on both counts and appeals to this Court on two exceptions, as follows:

"1. That the Court erred in failing to grant appellant's motion for a continuance until such time as certain vital information could be obtained from Southern Bell Telephone Company. Such motion by appellant having been made subsequent to testimony by the district manager of Southern Bell Telephone Company; that certain computed records could not be unscrambled until the following Monday afternoon. Appellant upon receiving information as to the telephone call immediately subpoenaed records prior to the testimony of the telephone company official.

"2. That the Court erred in imposing separate penalties for the several counts by reason of the fact that the offenses were of the same character and grew out of the same transaction, and were in effect parts or aspects of one offense."

The motion for a continuance was refused in the exercise of the trial judge's discretion. The record shows no semblance of abuse of discretion or of prejudice to the defendant.

Defendant's argument in support of the second exception is substantially in the language of Section 17-553.2, Code of 1962, which at first blush seems to support it. However, Sections 17-553.1-17-553.3, inclusive, are but the codification of Act No. 131 of the Acts of 1955, a recidivist statute prescribing and making mandatory the punishment for persons convicted for a third or for a fourth time of certain crimes. It is only for the purposes of sentencing under this statute, wholly inapplicable to the case at hand, that the Court is directed by Section 17-553.2 to "treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense, notwithstanding under the law they constitute separate and distinct offenses." Here, the indictment charged the defendant with the commission of two separate and distinct crimes, each involving distinct elements not included in the other. He was convicted on both, and it was entirely proper for the court to impose sentence on each count. 24 C. J. S. Criminal Law § 1567(3) (1961); 7A West's South Carolina Digest, Criminal Law, Key No. 984 (1971). Neither *State v. Hollman,* 232 S. C. 489, 102 S. E. (2d) 873 (1958), nor *State v. Reeder,* 72 S. C. 223, 51 S. E. 702 (1905), also relied upon by defendant, conflicts with this conclusion.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.