22110

The STATE, Respondent, v. Charles R. LIVINGSTON, Appellant.

(317 S. E. (2d) 129)

Supreme Court

*Michael J. Thompson,* of *Thompson, Baity & Savitz, P.A.,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Sol. James C. Anders*, Columbia, *for respondent.*

Heard Feb. 8, 1984.

Decided May 21, 1984.

Per Curiam:

Appellant Charles R. Livingston was convicted of four counts of murder, five counts of kidnapping, conspiracy to commit armed robbery, armed robbery, safecracking, and assault and battery with intent to kill. He was sentenced to ten terms of life imprisonment for murder, kidnapping, and safecracking, five years' imprisonment for conspiracy to commit armed robbery, twenty-five years' imprisonment for armed robbery, and twenty years' imprisonment for assault and battery with intent to kill, all sentences to run consecutively. We vacate the life sentences for kidnapping and otherwise affirm.

On the morning of September 29, 1981, appellant Livingston, Willie Stroman, and Frank McDowell entered the Richland County home of Edward R. Harkless, a "root doctor," killed Harkless and three visitors, attempted to kill and seriously wounded Mrs. Harkless and another visitor, and took an undetermined amount of money from a safe in the home.

After McDowell was arrested, he entered into an agreement with the State whereby he would plead guilty and testify for the State at the trial of Livingston and Stroman and the State would not seek the death penalty against McDowell.

On appeal, Livingston first contends the trial judge should have granted his request for access to McDowell's psychiatric record. We disagree.

Counsel for McDowell employed Dr. Harold Morgan to see McDowell with the understanding that the relationship with the psychiatrist would remain confidential. In *State v. Hitopoulus*, 279 S. C. 549, 309 S. E. (2d) 747 (1983), we held the attorney-client privilege extends to communications by a defendant to a psychiatrist employed by his attorney to aid in his defense. Thus, we find no error on the part of the trial judge in refusing Livingston's request for access to McDowell's psychiatric records.

Livingston next contends the trial judge erroneously expressed his opinion as to Livingston's presence at the scene of the crime. We disagree.

Fletcher Felder, one of the two surviving victims, positively identified Livingston as one of his assailants. At the conclusion of re-cross-examination of Felder, the trial judge questioned Felder on his identification of the other assailant. After Felder again identified Livingston as one of the assailants he saw at the Harkless home, the judge directed Felder to "[g]o down there and look at [Stroman] and tell me if you saw [Stroman], too." We agree with the State that this comment, read in context, cannot be construed as the trial judge's opinion that Livingston was present at the scene of the crimes.

Livingston next contends statements made by Stroman to a police officer were inadmissible as they violated his Sixth Amendment right to confront witnesses against him.

The police officer merely testified that Stroman initially denied knowing Livingston but later stated he may have met him on a couple of occasions in Columbia. The State asserts the statements were admissible as statements made by a co-conspirator after his arrest to preserve concealment of the crimes. *See State v. Campbell,* 210 Kan. 265, 500 P. (2d) 21 (1972); *State v. Greenwood,* 22 Or. App. 545, 540 P. (2d) 389 (1975). Here, however, the statements were not made to conceal the crimes. Nevertheless, we find the admission of the statements harmless error as it was cumulative to other testimony which established there was a relationship between Stroman and Livingston.

Fourth, Livingston contents the trial judge erred in allowing McDowell to testify that Livingston, Stroman, and McDowell had committed two prior armed robberies.

Evidence of the commission by an accused of another crime independent of and unconnected with the one on trial is inadmissible except where the purpose is to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing several crimes so related to each other that proof of one tends to establish the other, and (5) the identity of the wrongdoer. *State v. Lyle,* 125 S. C. 406, 118 S. E. 803 (1923). The testimony complained of does not fit within any of these exceptions and, unlike

Stroman, Livingston's counsel did not "open the door" for further questioning of McDowell concerning the two prior robberies. *See State v. Stroman,* S. C., 316 S. E. (2d) 395 (1984). However, where guilt is conclusively proven by competent evidence and no rational conclusion can be reached other than the accused is guilty, a conviction will not be set aside because of insubstantial errors not affecting the result. *State v. Key,* 256 S. C. 90, 180 S. E. (2d) 888 (1971). We therefore find the error harmless beyond a reasonable doubt and not reversible.

Livingston next contends there was no probable cause to issue a warrant to search his house; therefore, a chisel seized therefrom was inadmissible at trial. We disagree.

Searches based on warrants are given judicial deference to the extent that an otherwise marginal search may be justified if it meets a realistic standard of probable cause. *State v. Bennett,* 256 S. C. 234, 182 S. E. (2d) 291 (1971). A common sense and logical interpretation of the affidavit attached to the search warrant overcomes any asserted deficiency. *See State v. Thomas,* 275 S. C. 274, 269 S. E. (2d) 768 (1980). We find no error.

Next, Livingston contends the trial judge erred in allowing the introduction into evidence of photographs of the victims and the crime scene.

The determination of the relevancy and materiality of a photograph is left to the sound discretion of the trial judge. If photographs are calculated to arouse the sympathy or prejudice of the jurors or are irrelevant or not necessary to substantiate facts, they should be excluded. *State v. Campbell,* 259 S. C. 339, 191 S. E. (2d) 770 (1972).

The trial judge found the photographs corroborated the testimony of Mrs. Harkless and Mr. Felder, whose ability to recall had been repeatedly attacked by Livingston's and Stroman's counsel, and did not excite or inflame the passions or sympathy of the jurors. We find no abuse of discretion.

Livingston next contends the trial judge erred in allowing the admission for impeachment purposes of his prior convictions for housebreaking and grand larceny and possession of heroin. We disagree.

Livingston asserts his twelve year old conviction for housebreaking and grand larceny is too remote. He

bases this assertion on the federal rule which disallows impeachment on convictions older than ten years unless the particular facts of the case demonstrate that its probative value outweighs its prejudicial value. This State has no such rule. Rather, it is a matter within the sound discretion of the trial judge. *State v. Johnson*, 271 S. C. 485, 248 S. E. (2d) 313 (1978). As in *Johnson*, Livingston had not been a model person since his 1970 conviction for housebreaking and grand larceny;[1] thus, we find no abuse of discretion on the part of the trial judge in allowing impeachment on this conviction.

Livingston's counsel agreed at trial that evidence of Livingston's conviction for possession of heroin had been introduced through his witnesses, and the solicitor agreed not to cross-examine Livingston on the details of the conviction. Therefore, we find no error.

Livingston next contends the solicitor's mention of Charles Manson in his closing argument denied him a fair trial. We disagree.

The solicitor's closing argument "must be carefully tailored so as not to appeal to the personal bias of the juror nor calculated to arouse his passion of prejudice." *State v. Linder*, 276 S. C. 304, 278 S. E. (2d) 335, 339 (1981). The trial judge is vested with broad discretion in dealing with the propriety of the solicitor's argument. *Id.* The trial judge instructed the jury to disregard the mention of Manson and directed the solicitor to "get off the subject." The trial judge properly cured the solicitor's error. *State v. Stroman*, S. C., 316 S. E. (2d) 395, *supra.*

Livingston next contends the trial judge erroneously charged the law on murder, conspiracy, and alibi, so that the jury could have believed his alibi, yet still found him guilty of the substantive offenses of his co-conspirators if they found him guilty of conspiracy.

Considering the trial judge's charge in its entirety, we find no error.

---

[1] In 1974, a murder charge was nolle prossed because Livingston "made a statement." In 1979, Livingston allegedly committed two armed robberies with Stroman and McDowell. In 1981, Livingston was charged with possession of heroin with intent to distribute, possession of a sawed-off shotgun, and simple possession of marijuana, with the charges dropped upon a plea to possession of heroin.

Livingston contends the trial judge should have declared a mistrial after the second day of the jury's deliberation because one juror appeared worn down. Again, we disagree.

The jury never indicated it was hopelessly deadlocked or that it could not continue its deliberation. There is absolutely no indication the trial judge unfairly forced the jury's verdict. This exception is without merit.

Finally, Livingston contends the trial judge erred in sentencing him to life imprisonment for his kidnapping conviction. We agree with Livingston that § 16-3-910 of the Code prevents the imposition of a life sentence for kidnapping where an accused is sentenced for murder pursuant to § 16-3-20 of the Code.

The sentences for kidnapping are vacated; the convictions and sentences are otherwise affirmed.

Affirmed as modified.

LEWIS, Chief Justice and LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.