22310

The STATE, Respondent, v. Diane Levond Williams GLENN, Appellant.

(330 S. E. (2d) 285)

Supreme Court

*Stephen John Henry,* Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Attys. Susan A. Lake* and *Norman Mark Rapoport,* Columbia; and *Sol. William B. Traxler, Jr.,* Greenville, *for respondent.*

Submitted March 15, 1985.

Decided May 6, 1985.

*Per Curiam:*

Appellant was convicted of soliciting for the purpose of prostitution, S. C. Code Ann. § 16-15-90(3) (1976). She was sentenced to imprisonment for one year. We affirm.

After the State presented its case, appellant's counsel asked the trial judge whether appellant's prior prostitution convictions were admissible to impeach her if she took the stand. The trial judge ruled that the convictions could be

used for impeachment purposes. Appellant elected not to testify.

Appellant argues the trial judge's ruling was erroneous because prostitution is not a crime which can be used for impeachment of a witness.

In *Luce v. United States*, ___ U. S. ___ , 105 S. Ct. 460, 83 L. Ed. (2d) 443 (1984), the United States Supreme Court recently refused to review a claim under Federal Rule of Evidence 609(a), of improper impeachment with a prior conviction. The Court reasoned that when the defendant does not testify, appellate review is too speculative for several reasons. Those reasons include: the freedom of the trial judge to later alter his ruling; the possibility the prosecution may not have sought to impeach the defendant with the prior convictions; the likelihood that an adverse ruling might not have been the real motivation for the defendant's decision not to testify; and the inability of the appellate court to review any error for harmlessness.

We agree with the reasoning of the *Luce* decision and refuse to engage in speculation in reviewing claims of improper impeachment. We therefore hold that when the trial judge chooses to make a preliminary ruling on the admissibility of prior convictions to impeach a defendant and the defendant does not testify at trial, the claim of improper impeachment is not preserved for review.

Because appellant failed to preserve for review the question of improper impeachment, this Court will not consider that exception. The other issues raised by appellant's exceptions are without merit and are not affirmed under Rule 23 of the Rules of Practice of this Court.

Affirmed.