22551

The STATE, Respondent v. Keith PRICE, Appellant.

(344 S. E. (2d) 605)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. J. DuPre Miller,* Bennettsville, *for respondent.*

Heard April 7, 1986.

Decided May 19, 1986.

LITTLEJOHN, Acting Justice:

The defendant-appellant, Keith Price, was tried on two indictments: one charging assault and battery with intent to kill Kimberly Miles, and the other charging assault and battery with intent to kill Darla Rollins. The indictments were consolidated for trial. After all evidence was presented, the judge directed a verdict as to assault and battery with intent to kill and submitted to the jury the lesser included offense of assault and battery of a high and aggravated nature. The jury returned a verdict of guilty of assault and battery of a high and aggravated nature as to Kimberly

Miles but found him not guilty as to the alleged assault and battery upon Darla Rollins. He was sentenced to three years in prison. This appeal followed. We reverse.

The facts are not greatly in dispute. Defendant, a law enforcement officer, went to the home of his girlfriend, Darla Rollins, to remonstrate with her relative to the care she was giving to their illegitimate child. He admits having slapped at the mother a couple of times and to having pulled out his pistol which discharged and struck Kimberly Miles. It was his contention that he pulled the pistol out to frighten Darla Rollins and that it fired accidentally. He denies any intent to committing assault and battery.

While several questions are submitted to the Court, we find all without merit and dismiss under our Rule 23 other than that contention of error as taken from counsel's brief:

> The court erred when it twice charged the jury 'a person presumes to intend the natural and probable consequences of his act', and that this presumption applies to known and intentional acts, because this burden-shifting presumption violates due process of law under the Fourteenth Amendment and *Sandstrom v. Montana*, and is a charge on the facts violating Article V, Section 17 of the South Carolina Constitution.

The record reflects that the judge in his principal charge stated:

> ... I charge you further that a person presumes to intend the natural and probable consequences of his act. However, this presumption applies only to the acts which he knowingly and intentionally makes.

After the jury had deliberated for sometime, it requested additional instructions. Included in these additional instructions was the following:

> ... I charge you further that a person that presumes to intend the natural and probable consequence of his act. However, this presumption applies only to the acts which he knowingly, intentionally makes.

This is one additional case wherein the trial judges have continued to use a charge previously acceptable but now no

longer permitted under rulings of the Supreme Court of the United States. *See, Sandstrom v. Montana,* 442 U. S. 510, 99 S. Ct. 2450, 61 L. Ed. (2d) 39 (1979) and *Francis v. Franklin,* _____ U. S. _____ , 105 S. Ct. 1965, 85 L. Ed. (2d) 344 (1985).

In *Sandstrom,* the objectionable language was similar to that quoted above. Therein the judge stated "... the law presumes that a person intends the ordinary consequence of his voluntary acts." The Court held that this charge violated the due process clause of the Constitution of the United States and shifted the burden of proof from the state to the defendant. It held that a reasonable juror could have interpreted the instructions to relieve the state of its burden of proof on this particular issue.

In *Francis,* the Court found the following charge erroneous:

> The acts of a person of sound mind and discretion are presumed to be the product of a person's will, but the presumption may be rebutted. A person of sound mind and discretion is presumed to intend the natural and probable consequence of his acts, but the presumption may be rebutted. A person will not be presumed to act with criminal intention but the trier of facts ... may find criminal intention upon a consideration of the words, conduct, demeanor, motive and all of the circumstances connected with the act for which the accused is prosecuted.

In *State v. Elmore,* 279 S. C. 417, 308 S. E. (2d) 781 (1983), we dealt with a similar issue and cautioned the bench and bar that a presumption from the use of a deadly weapon was no longer to be charged. We held that the use of a deadly weapon was simply an evidentiary fact to be taken into consideration by the jury along with other evidence in the case to determine if an act was with malice.

Inasmuch as we are bound by the rulings of the United States Supreme Court, we reverse and remand for a new trial.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.

CHANDLER, J., not participating.