23111

Carl Eugene HIGH, Petitioner v. STATE of South Carolina, Respondent.

(386 S. E. (2d) 463)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III, of S. C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Staff Atty. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Heard Oct. 19, 1989.

Decided Dec. 4, 1989.

GREGORY, Chief Justice:

Petitioner was convicted of voluntary manslaughter and carrying a pistol onto premises selling alcohol. He was sentenced to consecutive terms of thirty years and two years respectively. On appeal, his convictions were affirmed. 85-MO-253. Petitioner's application for post-conviction relief (PCR) was denied after a hearing. This Court granted certiorari to review the denial of PCR. We now reverse and remand for a new trial.

Petitioner contends the PCR judge erred in failing to find trial counsel was ineffective for not objecting to the trial judge's jury charge on the element of intent. We agree.

The testimony at trial indicates petitioner went to a bar with his wife on the night in question. During a conversation with a man called "Ray Dog," petitioner pulled a .38 caliber pistol from his pocket, either to show Ray Dog to sell or because he was angry at Ray Dog. As petitioner pulled the gun from his pocket, it fired a bullet which struck and killed Kenny Livers, another patron of the bar who was standing some distance away.

The trial judge charged voluntary and involuntary manslaughter. He charged involuntary manslaughter as "the *un*intentional cause of the death of another through mere criminal negligence" and correspondingly defined "intent" as "to act knowingly." He then charged the jury that the law presumes the intent from the doing of an unlawful act.

The trial judge's charge regarding a mandatory presumption of intent was clearly erroneous as a burden-shifting instruction on an element of the crime. *State v. Price,* 289 S. C. 32, 344 S. E. (2d) 605 (1986); *see also State v. Blassingame,* 271 S. C. 44, 244 S. E. (2d) 528 (1978) (intent is an element of voluntary manslaughter). Such a mandatory presumption has been prohibited at least since 1979 when *Sandstrom v. Montana,* 442 U. S. 510, 99 S. Ct. 2450, 61 L. Ed. (2d) 39 (1979), was decided. *See Yates v. Aiken,* 484 U. S. 211, 108 S. Ct. 534, 98 L. Ed. (2d) 546 (1988). Petitioner's trial counsel therefore should have objected to this charge.

The critical dispute at trial, supported by contradicting testimony, was whether petitioner had the requisite intent to kill someone when he pulled the gun from his pocket in order to convict him of voluntary rather than involuntary manslaughter. Therefore we find petitioner was prejuduced by counsel's failure to object to the defective charge on intent. *Butler v. State,* 286 S. C. 441, 334 S. E. (2d) 813 (1985). There is no evidence to support the PCR judge's finding petitioner was not prejudiced by the erroneous burden-shifting instruction.

Accordingly, the denial of post-conviction relief is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.