23511

Bobby HORTON, Petitioner v. STATE of South Carolina, Respondent.
(411 S.E. (2d) 223)

Supreme Court

*Asst. Appellate Defender M. Anne Pearce,* of the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Miller W. Shealy, Jr.,* Columbia, *for respondent.*

Submitted Sept. 25, 1991; Decided Nov. 12, 1991.

Reh. Den. Dec. 16, 1991.

FINNEY, Justice:

This Court granted certiorari to review the circuit court's denial of postconviction relief (PCR) to Petitioner Bobby Horton. After considering the record and reviewing the applicable law, we reverse and remand for a new trial.

The sole issue before this Court is whether petitioner is entitled to PCR on the basis of ineffective assistance of trial counsel.

On September 4, 1986, Michael Peaster (Agent Peaster), an undercover agent with the South Carolina Law Enforcement Division, purchased 1.877 grams of cocaine from a man introduced to him as Bobby Horton by Kerry Garner, a confidential informant. The transaction occurred at approximately 10:20 P.M. outside the Spring Hills Club. The petitioner was arrested on February 7, 1987, and later indicted for distribution of cocaine.

The petitioner did not testify at his trial. He was convicted of distribution of cocaine and sentenced to imprisonment for fifteen years and a $10,000 fine; suspended upon service of ten years, payment of the fine, and probation for five years. Petitioner's direct appeal was dismissed, *State v. Horton*, Memo. Op. No. 89-MO-088 (S.C. Sup. Ct. filed February 21, 1989).

Petitioner filed an application for PCR alleging, *inter alia,* ineffective assistance of counsel on the grounds that 1) trial counsel gave petitioner erroneous advice on which petitioner based his decision not to testify; and 2) trial counsel failed to object to impermissible testimony. After a hearing, the PCR court issued its order finding that the matters raised a) had been refuted by the record; b) did not indicate any deficiency on the part of trial counsel; or c) were not sufficient to show prejudice to the petitioner. The PCR court dismissed the application with prejudice and remanded the petitioner to the custody of the state.

Petitioner filed a petition for writ of certiorari, and this Court granted certiorari to review only Question 1.

Petitioner maintains his decision not to testify was based on trial counsel's advice that he would be subject to cross examination on two prior criminal convictions. Petitioner's record shows a conviction in 1972 for assault and battery with intent

to kill and a 1980 conviction for simple possession of marijuana. Petitioner contends trial counsel's advice was in error since neither conviction was admissible for the purpose of impeachment.

Petitioner's trial counsel testified at the PCR hearing that his advice was based upon counsel's desire to prevent petitioner's two prior convictions from being introduced to impeach the petitioner's credibility.

In order to meet the two-pronged test establishing ineffective assistance of counsel, a defendant must prove 1) that counsel's representation fell below an objective standard of reasonableness; and 2) that, but for counsel's error, there is a reasonable probability the result would have been different. *Martinez v. State*, — S.C. —, 403 S.E. (2d) 113, 114 (1991); *Butler v. State*, 286 S.C. 441, 334 S.E. (2d) 813 (1985), *cert. denied*, 474 U.S. 1094, 106 S. Ct. 869, 88 L. Ed. (2d) 908 (1986).

We address first petitioner's conviction for simple possession of marijuana, which does not constitute a crime of moral turpitude. A prior conviction may be used to impeach the credibility of a witness only if such conviction involves a crime of moral turpitude. *State v. Drakeford*, 290 S.C. 338, 350 S.E. (2d) 391 (1986). Hence, counsel's advice was the result of an erroneous legal syllogism.

Second, the offense of assault and battery with intent to kill for which petitioner was convicted in 1972 is classified as a crime of moral turpitude. However, the lapse of fifteen years between petitioner's 1972 conviction and his 1987 trial for distribution of cocaine raises the issue of remoteness in time. The decision of whether a prior conviction is too remote in time for admissibility to impeach a defendant is a matter within the sound discretion of the trial judge. *State v. Livingston*, 282 S.C. 1, 317 S.E. (2d) 129 (1984); *State v. Johnson*, 271 S.C. 485, 248 S.E. (2d) 313 (1978). There is no showing in the record that trial counsel sought a ruling on admissibility from the trial judge. Obviously, counsel's advice in this instance was premised upon an unsubstantiated legal assumption, and he was under a duty to move the court for a ruling either confirming or invalidating his assumption.

The PCR court determined that trial counsel's advice to petitioner not to testify was based on a tactical decision. We find that errors of law were involved, rendered more egregious by lack of ambiguity in the law. Hence, we conclude that counsel's representation fell below an objective standard of reasonableness—the first prong of the test for ineffective assistance of counsel.

The next consideration is whether petitioner was prejudiced by such ineffectiveness. Petitioner was arrested six months after the transaction occurred during an undercover operation. The agent was in the presence of the seller, previously unknown to him, for approximately four minutes outside at night. The state's evidence against the petitioner consisted solely of Agent Peaster's testimony. Petitioner contends that among the matters he wanted to testify about was his belief that he was framed by the confidential informant because of animosity on the part of the informant. Petitioner acknowledged the ultimate decision not to testify was his alone, but stated that he relied on counsel's advice in making the decision. Petitioner testified at the PCR hearing, ". . . but I had retained this counsel. I had paid him quite a bit of money. So, I don't know as much about the law as he does, so obviously I followed his advice. . . . But, I listened to his advice by him being my attorney."

We conclude that petitioner has met the second prong of the ineffective assistance test by a showing of prejudice by his reliance upon counsel's erroneous advice; and that, but for counsel's error, there is a reasonable probability the result would have been different.

The PCR court's finding that petitioner's allegations of ineffective assistance of counsel are. without merit is not supported by the record. A PCR judge's findings will not be upheld if such findings are not supported by probative evidence. *High v. State*, 300 S.C. 88, 386 S.E. (2d) 463 (1989); *Stone v. State*, 294 S.C. 286, 363 S.E. (2d) 903 (1988).

Accordingly, the order of the PCR court is reversed and this case is remanded for a new trial.

Reversed and remanded.

GREGORY, HARWELL, CHANDLER and TOAL, JJ., concur.