24182

Monica Ann ROGERS, Respondent v. STATE of South Carolina, Petitioner.
(453 S.E. (2d) 892)

Supreme Court

*Atty. Gen. T. Travis Medlock, Acting Chief Deputy, Atty. Gen. J. Emory Smith, Asst. Atty. Gen., Teresa N. Cosby,* and *Staff Atty. G. Robert DeLoach, III,* Columbia, *for petitioner.*

*Chief Atty. Daniel T. Stacey,* of *S.C. Office of Appellate Defense,* Columbia, *for respondent.*

Submitted Dec. 9, 1994.

Decided Jan. 9, 1995.

CHANDLER, Chief Justice:

Respondent (Rogers) pled guilty to unlawful neglect of a child and was sentenced to imprisonment for ten years, suspended upon the service of five years' probation. She was subsequently arrested for violation of probation. Trial Court revoked probation, reinstating the ten-year sentence. No direct appeal was taken.

State now petitions for writ of certiorari from an Order granting Rogers' application for postconviction relief (PCR).

## FACTS

At her revocation hearing, Rogers stated to the judge that her reason for failing to meet weekly appointments with the probation officer was that her car was "tore up." Counsel explained further (1) that neither her father nor mother was able to provide transportation for Rogers; (2) that Rogers, although leaving messages for the probation officer advising of her car problems, recognized her obligation to report in person; and (3) that Rogers had two potential jobs which would enable her to have the car repaired.

The probation officer testified that on visits to Rogers' home, he saw no cars "up on jacks" as Rogers had claimed. Without further testimony, the trial judge revoked probation.

Rogers based her PCR application upon ineffectiveness of counsel. After testimony, the PCR judge found counsel was not ineffective, specifically noting that other than her alleged car trouble, Rogers offered no defense to her probation violations. However, in his Order, he added further:

[t]he record did not sufficiently show that [Rogers'] attorney had the opportunity to be fully heard regarding [Rogers'] alleged violations. While [Rogers] may not have requested an appeal of the revocation of her probation in so many words, she did ask for "a new hearing." [Footnote deleted.]

Accordingly, he remanded the matter for a rehearing of the alleged probation violations.

Nothing in the record supports the rehearing relief granted by the PCR judge. *See High v. State*, 300 S.C. 88, 386 S.E. (2d) 463 (1989) (PCR judge's findings will not be upheld if there is no probative evidence to support them). If the PCR judge were attempting to grant Rogers a belated appeal and then afford relief based upon a direct appeal issue, he was without authority to do so. *Davis v. State*, 288 S.C. 290, 342 S.E. (2d) 60 (1986); *see also* Rule 227(g), SCACR.

Reversed.

FINNEY, TOAL, MOORE and WALLER, JJ., concur.