2376

The STATE, Respondent v. Shannon Annette MUELLER, Appellant.

(460 S.E. (2d) 409)

Court of Appeals

*Assistant Appellate Defender M. Anne Pearce,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen. Alexandria Broughton Skinner,* Columbia; and *Sol. W. Townes Jones, IV,* Greenwood, *for respondent.*

Heard June 6 1995.

Decided June 17, 1995.

HOWELL, Chief Judge:

Shannon Mueller appeals from a conviction for assault and battery of a high and aggravated nature. We affirm.

Mueller was convicted after an incident during which she shot Bobby Clemmons with a 12-gauge shotgun, resulting in the loss of his leg. Mueller claimed the shooting was an accident, and that she acted in defense of herself and her family.

At trial, Mueller's husband was the first defense witness. Immediately before calling Mr. Mueller, the defense requested the court rule on the admissibility of Mr. Mueller's prior criminal convictions. Mr. Mueller had been convicted of larceny and housebreaking in 1976 and possession of marijuana with intent to distribute in 1980. The trial court ruled that it would allow impeachment of Mr. Mueller's credibility by admitting the 1980 conviction, but disallowed any reference to the 1976

conviction. Anticipating the State's cross-examination, the defense revealed Mr. Mueller's conviction during direct examination.

Mueller raises a single issue on appeal. She contends the trial court erred by admitting evidence of the 1980 conviction for the purpose of impeaching the credibility of her husband, a crucial defense witness.

Before we address the merits of Mueller's argument, we must first determine whether the issue is properly before us. The State contends the issue is not preserved for appeal because Mueller herself elicited the challenged evidence through the direct examination. Mueller argues the trial court made a final ruling on the admissibility of the conviction, and that she properly introduced evidence of the conviction herself to minimize its impact on the jury. She contends an attorney "should not be given the Hobson's choice of either mitigating the damage to his witness by introducing impeachment evidence on direct examination, or preserving for review on appeal the error of a ruling already made." We agree.

Generally, a motion in limine seeks a pretrial ruling preventing the disclosure of potentially prejudicial matter to the jury. *See State v. Floyd,* 295 S.C. 518, 369 S.E. (2d) 842 (1988); 15 S.C. Juris. *Appeal & Error* § 78 (1992). A ruling on the pretrial motion is preliminary, and is subject to change based on developments at trial. *Floyd,* 295 S.C. at 520, 369 S.E. (2d) at 843. Because the evidence developed during trial may warrant a change in the ruling, the losing party must renew his objection at trial when the evidence is presented in order to preserve the issue for appeal. *See State v. Schumpert,* 312 S.C. 502, 435 S.E. (2d) 859 (1993); *State v. Davis,* 309 S.C. 56, 419 S.E. (2d) 820 (Ct. App. 1992).

In this case, Mueller's attorney sought a ruling on the admissibility of Mr. Mueller's prior convictions after the State rested its case, and immediately before calling Mr. Mueller, the first witness for the defense. Because no evidence was presented between the ruling and Mr. Mueller's testimony, there was no basis for the trial court to change its ruling. Thus, contrary to the State's argument, Mueller's mo-

tion was not a motion in limine.[1] The trial court's ruling in this instance was in no way preliminary, but to the contrary, was a final ruling. Accordingly, Mueller was not required to renew her objection to the admission of the testimony in order to preserve the issue for appeal.

Moreover, the fact that Mueller brought out the conviction on direct examination does not prevent Mueller from challenging the ruling on appeal. Because the trial court's ruling was final, the defense had every right to rely on the ruling and raise the matter of the prior conviction strategically. To force a defendant to choose between challenging an incorrect final ruling on appeal or minimizing the impact of damaging evidence would be fundamentally unfair. Therefore, we conclude that, if a party has obtained a final ruling on the admissibility of impeachment evidence, that party does not lose his right to challenge on appeal the admissibility of the evidence by eliciting the evidence during direct examination. *Cf. State v. Smalls,* 260 S.C. 44, 194 S.E. (2d) 188 (1973) (defendant entitled to charge instructing the jury that prior convictions can be considered only for the purpose of judging the defendant's credibility, even though defendant's attorney brought out the prior convictions during direct examination).

As to the merits of the issue, Mueller contends the trial court elected to follow the ten-year time limit of the Federal Rules of Evidence, and abused his discretion by admitting a conviction which would not have been admissible under the Federal Rules.[2] We disagree.

---

[1] The fact that the motion was heard and the ruling was made out of the presence of the jury and before the witness was called does not turn the motion into an in limine motion. A motion in limine is a pretrial procedure that is always presided over by the trial judge. Because a ruling is made before evidence is presented, the ruling is necessarily subject to change depending on the development of the case.

[2] Under the Federal Rules of Evidence, evidence of a conviction is not admissible if "more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date." Fed. R. Evid. 609(b). Mr. Mueller was convicted in November of 1980 for possession of marijuana with intent to distribute, and was given a three-year probationary sentence. Mrs. Mueller was tried in August, 1993. Because probation is not the same as confinement, Mueller argues the conviction would not have been admissible under the Federal Rules.

A prior conviction for a crime of moral turpitude may ■■ be used to impeach the credibility of a witness if the conviction is not too remote in time.[3] *See, e.g., Horton v. State,* 306 S.C. 252, 411 S.E. (2d) 223 (1991); *State v. Johnson,* 271 S.C. 485, 248 S.E. (2d) 313 (1978). There is no fixed time in this State after which a conviction becomes too remote. *State v. Livingston,* 282 S.C. 1, 317 S.E. (2d) 129 (1984). Whether a prior conviction is admissible is within the discretion of the trial judge, and his decision will not be disturbed absent manifest abuse of that discretion or injustice. *Johnson,* 271 S.C. at 486, 248 S.E. (2d) at 314.

The trial court clearly recognized and applied the rule ■ in South Carolina regarding the admissibility of impeachable offenses. Contrary to Mueller's argument, the court did not attempt to fashion the federal rule to state procedure. While recognizing the federal rule, the trial court unequivocally rejected its application and applied existing South Carolina law. In reference to the federal rule he stated that it "has specifically been ruled on by the Supreme Court in South Carolina, which has refused to adopt the ten year rule, and has reaffirmed the discretionary power of the court in determining whether or not an offense, a particular offense, is too remote in time." The court concluded that, while there is no ten-year "rule of thumb" in South Carolina, the 1980 conviction would be admissible because Mr. Mueller would have been on probation within the past ten years. Thus, the record reveals that the trial court understood the federal and state law governing the admissibility of prior convictions, and exercised the discretion given it under state law.[4]

As this Court recognized in *State v. Sarvis,* 317 S.C. ■ 102, 450 S.E. (2d) 606 (Ct. App. 1994) *cert denied* (May 18, 1995), while the Federal Rules of Evidence may provide guidance, the admissibility of convictions still remains within the discretion of the trial court. We find no abuse of

---

[3] Mueller does not contend that the crime was not a crime of moral turpitude or that the trial court failed to properly charge the jury on the purpose for which it was admitted.

[4] Of course, as of September 3, 1995, the admissibility of prior convictions will be governed by Rule 609 of the South Carolina Rules of Evidence, which is largely identical to the federal rule. *See* S.C. Ct. Order dated May 1, 1995 (Davis Adv. Sh. No. 11).

discretion by the court in admitting evidence of a conviction where the witness was on probation and thus under supervision during the ten-year period preceding the trial.

Accordingly, for the foregoing reasons, Mueller's conviction is hereby

Affirmed.

GOOLSBY and HEARN, JJ., concur.