509 S.E.2d 472

Albert LEGARE, Respondent,

v.

STATE of South Carolina, Petitioner.

No. 24865.

Supreme Court of South Carolina.

Submitted Nov. 19, 1997.

Decided Dec. 14, 1998.

Rehearing Denied Jan. 6, 1999.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Teresa A. Knox, Columbia, for petitioner.

Chief Attorney Daniel T. Stacey, of South Carolina Office of Appellate Defense, Columbia, for respondent.

## ON WRIT OF CERTIORARI

TOAL, Justice:

The State has petitioned for a writ of certiorari, contesting the grant of relief to Albert Legare by the Post–Conviction Relief ("PCR") court. We reverse.

### FACTUAL/PROCEDURAL BACKGROUND

In March 1992, Legare was indicted for armed robbery, attempted armed robbery, and assault and battery with intent to kill. In November 1992, a jury found Legare guilty on all counts. He was sentenced to 25 years imprisonment for armed robbery; 20 years, consecutive, for assault and battery with intent to kill; and 10 years, consecutive, for attempted armed robbery. Legare appealed his convictions and sentence. We affirmed the matter, pursuant to Rule 220, in *State v. Legare*, Op. No. 95–MO–020 (S.C. filed January 13, 1995).

In February 1995, Legare filed a PCR application in which he alleged ineffective assistance of trial and appellate counsel

and denial of due process of law. After a hearing, the PCR court found trial counsel ineffective and granted Legare a new trial. The State petitioned for a writ of certiorari, which this Court granted. The State now argues that the PCR court erred in granting relief for the following reasons:

1. Legare's prior convictions were admissible to impeach him; thus, he failed to show prejudice by trial counsel's representation in pursuing suppression of references to Legare's prior criminal record;

2. Legare's trial counsel had a legitimate basis for not pursuing suppression of the photo identification and had made a legitimate strategic decision not to use an expert; thus, Legare failed to show that trial counsel was ineffective;

3. The record does not support the PCR court's finding that trial counsel failed to impeach a state's witness; and

4. Legare failed to show prejudice by trial counsel's failure to request concurrent sentences.

## LAW/ANALYSIS

### A. SUPPRESSION OF PRIOR CRIMINAL RECORD

 The State argues the PCR court erred in granting relief where Legare failed to show he was prejudiced by trial counsel's representation in pursuing suppression of references to Legare's prior criminal record. We agree.

Legare was convicted for armed robbery in 1972; he was released in 1978. In the very year he was released, he was convicted for conspiracy to commit armed robbery. He was released from this second sentence in 1982. Legare's trial counsel moved to suppress the introduction of these prior convictions. The trial court found the convictions were admissible for impeachment purposes. It concluded that given the circumstances of the case—that Legare was released in 1978 and was immediately convicted again—the prior convictions would be admissible. Legare was granted relief by the PCR court on this basis.

In his PCR application, Legare contended that he did not testify at trial because of the trial court's ruling. He asserted that trial counsel erroneously informed him that the issue could be raised on appeal. *See State v. Glenn*, 285 S.C. 384,

330 S.E.2d 285 (1985) (when the trial judge chooses to make a preliminary ruling on the admissibility of prior convictions to impeach a defendant and the defendant does not testify at trial, the claim of improper impeachment is not preserved for review).

■■ The State argues that Legare has failed to show prejudice. We have found that a prior conviction of a crime of moral turpitude [1] may be used for the purpose of impeaching a defendant-witness's credibility if the conviction is not too remote in time.[2] *See State v. Johnson,* 271 S.C. 485, 248 S.E.2d 313 (1978). The decision whether a prior conviction is too remote in time is a matter within the sound discretion of the trial judge. *Horton v. State,* 306 S.C. 252, 411 S.E.2d 223 (1991). *Johnson* found no abuse of discretion in admission of a 13 year old conviction. *Johnson,* 271 S.C. 485, 248 S.E.2d 313. Similarly, we have found no error in admission of a 12 year old conviction. *See State v. Livingston,* 282 S.C. 1, 317 S.E.2d 129 (1984). Likewise, *State v. Mueller,* 319 S.C. 266, 460 S.E.2d 409 (Ct.App.1995) upheld the trial court's admission of a prior conviction, reasoning that the conviction was admissible because the defendant had been on probation in the previous 10 years.

In the present case, Legare was convicted for armed robbery in 1972 and released in 1978. He was convicted again in

---

1. In determining whether a crime is one involving moral turpitude, the focus is primarily on the whether the commission of the crime breaches the duty to society and fellow man. *State v. Ball,* 292 S.C. 71, 354 S.E.2d 906 (1987) (listing cases involving moral turpitude crimes, including housebreaking, grand larceny, and robbery), *overruled on other grounds by State v. Major,* 301 S.C. 181, 391 S.E.2d 235 (1990).

2. Under the South Carolina Rules of Evidence, which became effective September 3, 1995, evidence that an accused has been convicted of a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused. The Rules further declare:

Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Rule 609, SCRE.

1978 for conspiracy to commit armed robbery and was released in 1982. The trial court found that in view of Legare's history—he was released in 1978 and "immediately went back in"—the prior convictions were admissible for impeachment purposes. Legare's trial took place in 1992. The sentences for his previous convictions were within 14 and 10 years, respectively, of his trial. The decision whether the prior convictions were too remote was a matter within the sound discretion of the trial judge. We do not find any abuse of such discretion. Because the trial court did not err in admitting the prior offenses, Legare cannot now complain about ineffective assistance of counsel.

## B. IDENTIFICATION TESTIMONY

### 1. SUGGESTIVE LINEUP

The State argues the PCR court erred in granting Legare a new trial on the basis of trial counsel's failure to pursue suppression of identification testimony. We agree.

The PCR court found that trial counsel failed to adequately pursue suppression of identification testimony based on a claim that "mug shots" used in a photo identification of defendant were impermissibly suggestive. Legare's counsel moved during trial to have the photo lineup excluded. He argued that the photographs must not imply the defendant has had a prior criminal record, and the manner and introduction of the photos at trial must be such that it does not draw particular attention to the source or implication of the photos. The photographs (which are not included in the record on appeal) are described as color photographs showing Legare in street clothes, and unlike the old photographic lineups wherein the arrestee was shown with a placard hanging around his neck. The date of Legare's photo appears at the top of his photo. This and other photographs were shown to one of the State's witnesses as a photo lineup. The State argued to the trial court that the photo did not implicate any prior criminal doings on Legare's part. Legare's counsel withdrew his motion after the solicitor agreed not to refer to the photographs as "mug shots."

At the PCR hearing, Legare's counsel testified that he thought the photo identification was "useless"; the only thing

suggestive about the photos were the dates underneath the pictures. Counsel felt it would be better to attack the problem of the photo identification on cross-examination. Counsel testified that he did attack this on cross-examination. The State's witness admitted that the date on the photo coincided with the time that she heard an arrest had been made.

There has not been a demonstration that counsel's representation fell below an objective standard of reasonableness, nor has Legare established prejudice. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The PCR court's order does not point to any specific basis for finding counsel ineffective, nor does the record demonstrate ineffectiveness. Accordingly, the PCR court's holding should be reversed on this point. *See High v. State*, 300 S.C. 88, 386 S.E.2d 463 (1989).

## 2. FAILURE TO CALL EXPERT WITNESS

The PCR court further found that counsel failed to call a certain expert witness, in the field of identification, to testify at trial to discredit the State's identification testimony. This finding is in error inasmuch as counsel articulated very clear reasons for not calling the expert. Counsel had read a transcript of the expert's testimony at another proceeding. He had also spoken with the attorney who had arranged to have the expert testify. Counsel concluded that the expert's testimony was unpersuasive and found him to be belligerent and arrogant. He got an "uneasy feeling" when he talked to the expert over the phone and concluded he would be "more damaging than if I left him alone."

Where counsel articulates a valid reason for employing certain strategy, such conduct will not be deemed ineffective. *Underwood v. State*, 309 S.C. 560, 425 S.E.2d 20 (1992). Again, the PCR court's order does not offer any specific grounds as to why counsel was ineffective in failing to call the expert to testify.

## C. IMPEACHMENT OF WITNESS

The State contends that the PCR court erred in granting relief to Legare where he did not show that trial counsel

failed to impeach a State's witness by attacking her credibility. We agree.

Alpharetta Walker, who was living with Legare at the time of his arrest, testified for the State. The PCR court found that counsel failed to pursue impeachment of her testimony based on her criminal history. More specifically, the order states that counsel testified at the PCR hearing that he had reviewed her criminal identification record prior to trial and that it contained information substantiating Legare's claim that Walker had been convicted of crimes of moral turpitude. The order further declares that letters by Walker were presented to the court; these letters explained her motivations for testifying on behalf of the State.

The record does not support the PCR court's findings. Walker's criminal record is not in the record. Likewise, there is no evidence that Walker's letters were presented to the Court; they are not contained in the record either. Counsel did cross-examine Walker. He asked her whether she was receiving a deal from the solicitor's office in exchange for her testimony. She indicated she was going to be released in exchange of her testifying. Legare has failed to establish prejudice under *Strickland v. Washington.*

### D. CONCURRENT SENTENCES

 The State finally argues that the PCR court erred in granting Legare relief where he failed to show he was prejudiced by counsel's failure to request concurrent sentences.

Legare received sentences of 25 years for armed robbery; 20 years, consecutive, for assault and battery with intent to kill; and 10 years, consecutive, for attempted armed robbery. Legare argues that counsel was ineffective in failing to request concurrent sentences under S.C.Code Ann. § 17–25–50 (1985), which provides:

> In determining the number of offenses for the purpose of imposition of sentence, the court shall treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense, notwithstanding under the law they constitute separate and distinct offenses.

In *State v. Muldrow*, 259 S.C. 414, 192 S.E.2d 211 (1972), we explained that the above statute is a recidivist statute. Where the indictment charges the defendant with the commission of separate and distinct crimes, each involving distinct elements not included in the other, then it is entirely proper for the court to impose sentences on each count for which the defendant is convicted. Thus, there is no evidence to support the PCR court's findings that counsel was ineffective in failing to request concurrent charges.

## CONCLUSION

Based on the foregoing, the PCR court's grant of relief to Legare is **REVERSED.**

MOORE, WALLER and BURNETT, JJ., concur.

FINNEY, C.J., dissenting in separate opinion.

FINNEY, Chief Justice:

I respectfully dissent, and would affirm the grant of post-conviction relief (PCR) to respondent. In my opinion, the majority errs when it deviates from the normal deferential scope of review applied to PCR matters. We are required to affirm the circuit court's PCR order if it is supported by any evidence in the record. *Pauling v. State,* 331 S.C. 606, 503 S.E.2d 468 (1998). In my opinion, the order's findings regarding defective representation, and especially resulting prejudice, are supported by the evidence and we should not, and properly cannot, overturn them. I would affirm.