545 S.E.2d 521

The STATE, Respondent,

v.

Minyard Lee WOODY, Appellant.

No. 3314.

Court of Appeals of South Carolina.

Heard Feb. 8, 2001.

Decided March 5, 2001.

Rehearing Denied April 23, 2001.

Assistant Appellate Defender Aileen P. Clare, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, and Assistant Attorney General Melody J. Brown, all of Columbia; and Solicitor Holman C. Gossett, of Spartanburg, for respondent.

HOWARD, Judge:

Minyard Lee Woody was convicted of second degree burglary and sentenced to life in prison without the possibility of parole, pursuant to S.C.Code Ann. § 17–25–45 (Supp.2000).[1] Woody appeals his burglary sentence, arguing the trial court erred by refusing to apply S.C.Code Ann. § 17–25–50 (1985) so as to treat his two prior convictions as one for purposes of sentencing. We vacate Woody's life sentence and remand for re-sentencing on the burglary conviction.

## FACTS

Woody was convicted of second degree burglary in July, 1999. At sentencing, the State asserted this was Woody's third serious offense as defined in section 17–25–45[2] because Woody had previously been convicted of two armed robberies. In support of its contention, the State presented two indictments to which Woody pleaded guilty on January 21, 1981, alleging that on April 24, 1980, Woody committed two armed

---

**1.** Woody was also convicted of Petit Larceny and received a consecutive ten year sentence. There is no appeal from that conviction or sentence.

**2.** Section 17–25–45 is a part of the Omnibus Crime Act, and provides in part that a person convicted of a "serious offense" as defined within the statute must be sentenced to life in prison without the possibility of parole if that person has two or more prior convictions for "serious" or "most serious" offenses.

robberies; one of a convenience store, and one of the convenience store's clerk.[3]

## DISCUSSION

Woody argues that the two prior convictions should be treated as one, pursuant to section 17–25–50. That section reads as follows:

> [i]n determining the number of offenses for the purpose of imposition of sentence, the court shall treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense, notwithstanding under the law they constitute separate and distinct offenses.

S.C.Code Ann. § 17–25–50 (1985).

The trial court rejected this argument, concluding section 17–25–45(F) contained language defining prior offenses differently for purposes of that section only, and therefore, section 17–25–50 did not apply. Section 17–25–45(F) reads in applicable part as follows:

> [f]or the purpose of determining a prior conviction under this section only, a prior conviction shall mean the defendant has been convicted of a most serious or serious offense, as may be applicable, on a separate occasion, prior to the instant adjudication.

S.C.Code Ann. § 17–25–45(F) (Supp.2000). Finding that both prior convictions occurred on a separate, prior occasion from the burglary conviction, the trial court considered them as two prior "most serious" offenses, thereby mandating a sentence of life without parole on the burglary conviction.

We disagree with the trial court's interpretation and conclude that sections 17–25–45(F) and 17–25–50 may easily be

---

**3.** For the first time on appeal, and in contrast to the written brief, the State asserted in oral argument that the record does not establish with certainty that the two prior armed robberies occurred as one incident. We reject this argument, because the convictions were presented to the sentencing judge by both the State and the defense as occurring as one incident, at one location, and at one time. Two charges were brought because different victims were involved. The trial judge considered them as such, and no factual basis was proffered by the State to the contrary.

reconciled so that both apply in the present circumstances. Contrary to the State's argument, we find nothing to suggest section 17–25–45(F) somehow abrogates section 17–25–50.

> Criminal statutes must be strictly construed against the State and in favor of the defendant. The elementary and cardinal rule of statutory construction is that the court must ascertain and effectuate the intent of the legislature. Therefore, in interpreting a statute, the words must be given their plain and ordinary meaning without resorting to a subtle or forced construction that limits or expands the statute's operation. Statutes, as a whole, must receive "practical, reasonable and fair interpretation consonant with the purpose, design and policy of lawmakers."

*State v. Prince*, 335 S.C. 466, 472, 517 S.E.2d 229, 232 (Ct.App. 1999) (citations omitted) (quoting *Whiteside v. Cherokee County Sch. Dist. No. 1*, 311 S.C. 335, 340, 428 S.E.2d 886, 888 (1993)).

The court should not consider the particular clause in isolation, but should read it in conjunction with the purpose of the whole statute and the policy of the law. *Prince*, 335 S.C. at 472, 517 S.E.2d at 232. Statutory provisions should be read so as to be consistent with the purpose of the statute. *Id.* Furthermore, statutes that are part of the same act must be read together and sections that are part of the same general statutory scheme must be construed together and each given effect, if reasonable. *Id.*

Section 17–25–50 requires the trial court to combine prior offenses "arising out of simultaneous acts committed in the course of a single incident." *State v. Boyd*, 288 S.C. 206, 209, 341 S.E.2d 144, 146 (Ct.App.1986) (holding that under section 17–25–50, two prior violations of the Controlled Substances Act occurring in the same incident should be treated as one offense, and noting that if multiple prior convictions are obtained for violations of the Controlled Substance Act unrelated to one another and not arising out of a single incident, there is no prohibition against counting each conviction separately for sentencing purposes). In *State v. Muldrow*, 259 S.C. 414, 192 S.E.2d 211 (1972), our supreme court recognized

that this section is a recidivist statute. *See Legare v. State,* 333 S.C. 275, 509 S.E.2d 472 (1999).

In contrast, section 17–25–45(F) limits prior convictions which may trigger the life without parole provision contained in section 17–25–45 to those convictions which are separate from and prior to the present adjudication.

■ Consequently, these two statutes can properly be read together and applied to Woody. The two prior armed robberies were closely connected offenses within one incident. Therefore, in determining the number of prior offenses, they must be treated as one conviction under section 17–25–50 for sentencing purposes. As one incident, the armed robbery constituted a single "most serious offense." *See* S.C.Code Ann. § 17–25–45(C)(1) (Supp.2000) (defining the term "most serious offense"). Applying section 17–25–45(F), this conviction is considered a prior "most serious offense" because it occurred on a separate occasion from the present adjudication on the second degree burglary charge.

Woody's conviction for second degree burglary is categorized as a "serious offense." *See* S.C.Code Ann. § 17–25–45(C)(2) (Supp.2000) (defining the term "serious offense"). Therefore, his prior "most serious offense" of armed robbery does not invoke the life without parole provision of section 17–25–45(B), which requires two or more such prior convictions as a trigger. S.C.Code Ann. § 17–25–45(B) (Supp.2000).

## CONCLUSION

For the foregoing reasons, we vacate Woody's sentence of life in prison without possibility of parole for the burglary conviction and remand for re-sentencing on that charge in accordance with this opinion.

**VACATED IN PART, AND REMANDED.**

CONNOR, and HUFF, JJ., concur.