THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Mondrecco Devoria Glenn, Appellant.
 
 
 

Appeal From Spartanburg County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2005-UP-196
Submitted March 1, 2005  Filed March 18, 2005

AFFIRMED

 
 
 
 Andrew J. Johnston and Gerald G. Wilson, both of Spartanburg, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Mark Rapoport, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Spartanburg County grand jurors indicted Mondrecco Glenn for trafficking in crack cocaine.  At trial, the State identified four prior convictions that it planned to use for impeachment purposes if Glenn chose to testify.  The trial court made a preliminary ruling that three of the convictions were admissible for impeachment.  Glenn did not testify and he was convicted.  Glenn appeals on the ground that the trial court erred in ruling that the State could use his prior convictions for impeachment purposes.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Luce v. United States, 469 U.S. 38, 43 (1984) (To raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify.); State v. Glenn, 285 S.C. 384, 330 S.E.2d 285 (1985) (adopting the reasoning of the Luce decision and holding a defendant must testify to preserve the issue of improper impeachment on appeal); State v. Ford, 334 S.C. 444, 513 S.E.2d 385 (Ct. App. 1999) (citing the Glenn decision and finding the issue concerning admissibility of a traffic conviction was not preserved because the appellant did not testify). 
 AFFIRMED. [1]
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.