THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 State of South Carolina, Respondent,
 v.
 Dwayne S. McKenzie Appellant.
 
 
 

Appeal from Darlington County
J. Michael Baxley, Circuit Court Judge 
Unpublished Opinion No. 2009-UP-061
Heard January 6, 2009  Filed January
 27, 2009
AFFIRMED

 
 
 
 Robert
 M. Dudek, Deputy Chief Appellate Defender for Capital Appeals, of Columbia, for Appellant.
 Attorney
 General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliot, Special Assistant Attorney
 General Amie L. Clifford, all of Columbia; and Solicitor Jay E. Hodge, Jr., of Cheraw,
 for Respondent.
 
 
 

PER
 CURIAM: In
 this appeal from a conviction for second degree criminal sexual conduct with a
 minor and for committing or attempting to commit a lewd act on a minor, McKenzie
 asserts the trial court erred in refusing to allow him to testify during a
 pretrial hearing on the suppression of blood evidence.  Although a defendant is
 entitled to testify at a suppression hearing, this issue is not preserved for
 our review.
We
 affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities: State v.
 Smith, 337 S.C. 27, 32, 522 S.E.2d 598, 600 (1999) (stating because a
 ruling from a motion in limine is subject to change, the losing party must make
 a contemporaneous objection when the contested evidence is presented at trial
 for the issue to be preserved on appeal); State v. Greene, 330 S.C. 551,
 556, 499 S.E.2d 817, 820 (Ct. App. 1997) (noting contemporaneous objection
 requirement not met to properly preserve an error for appellate review which
 was raised at a suppression hearing); State v. Mueller, 319 S.C. 266, 268,
 460 S.E.2d 409, 410 (Ct. App. 1995) (stating, "[a] ruling on the pre-trial
 motion is preliminary, and is subject to change based on developments at trial.").
  While some preliminary determinations may be deemed final when no evidence is
 taken between the trial court's ruling on a motion in limine and the evidence's
 introduction, additional testimony was presented herein before introduction of
 the blood evidence.  See, e.g., State v. Forrester, 343 S.C. 637,
 541 S.E.2d 837 (2001).  Moreover, although a cursory review might lend itself
 to a conclusion that the ruling may be final since no other evidence would
 arguably affect this issue, that cursory view is unfounded since the trial
 court specifically invited McKenzie to revisit the issue by presenting the
 testimony of Jay Ervin, his alleged counsel; thus, the court's invitation
 specifically indicates the lack of finality on this evidentiary issue.
AFFIRMED.
WILLIAMS,
 PIEPER, and GEATHERS, JJ., concur.