**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Untonyo Ferjearl Johnson, Appellant.

Appellate Case No. 2017-001673

Appeal From Calhoun County
Maite Murphy, Circuit Court Judge

Unpublished Opinion No. 2020-UP-071
Submitted February 1, 2020 – Filed March 11, 2020

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

**PER CURIAM:** Untonyo Ferjearl Johnson appeals his convictions of attempted murder, possession of a weapon during the commission of a violent crime, and possession of a weapon by a person convicted of a violent crime. On appeal,

Johnson argues the trial court erred by (1) admitting eyewitness identification from a single photograph and (2) admitting Johnson's statement to law enforcement officers because it was coerced. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to whether the trial court erred in admitting his identification and his statement to law enforcement: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Sheppard*, 391 S.C. 415, 420-21, 706 S.E.2d 16, 19 (2011) ("[A] party must make a contemporaneous objection that is ruled upon by the trial [court] to preserve an issue for appellate review."); *State v. Mueller*, 319 S.C. 266, 268, 460 S.E.2d 409, 410 (Ct. App. 1995) ("A ruling on the [pretrial] motion is preliminary, and is subject to change based on developments at trial."); *id.* ("Because the evidence developed during trial may warrant a change in the ruling, the losing party must renew his objection at trial when the evidence is presented in order to preserve the issue for appeal.").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.