**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent.

v.

Julio Andres Castillo, Appellant.

Appellate Case No. 2019-001983

————

Appeal From York County
G. Thomas Cooper, Jr., Circuit Court Judge

————

Unpublished Opinion No. 2023-UP-028
Submitted January 1, 2023 – Filed February 1, 2023

————

**AFFIRMED**

————

Tricia A. Blanchette, of Law Office of Tricia A. Blanchette, LLC, of Leesville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia, and Solicitor Kevin Scott Brackett, of York, for Respondent.

————

**PER CURIAM:** Julio Andres Castillo appeals his convictions of two counts of second-degree criminal sexual conduct with a minor, four counts of lewd act upon a child, and sentence of twelve years' imprisonment. On appeal, Castillo argues

the trial court erred in admitting the testimony of a prior alleged victim as common plan or scheme evidence pursuant to Rule 404(b), SCRE.  We affirm.

We hold Castillo's argument is not preserved for appeal because the trial court's pretrial ruling was not final and Castillo failed to contemporaneously renew his objection to the testimony at trial.  *See State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) ("To preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court."); *State v. Smith*, 337 S.C. 27, 32, 522 S.E.2d 598, 600 (1999) ("A pretrial ruling on the admissibility of evidence is preliminary and is subject to change based on developments at trial."); *State v. Mueller*, 319 S.C. 266, 268, 460 S.E.2d 409, 410 (Ct. App. 1995) ("Because the evidence developed during trial may warrant a change in the ruling, the losing party must renew his objection at trial when the evidence is presented in order to preserve the issue for appeal.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.